# United States District Court
# Central District of California

| | |
|---|---|
| DUFFY ARCHIVE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CLUB LOS GLOBOS CORPORATION, et al.,<br><br>Defendants. | Case No. 2:20-cv-10791-ODW (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [15]** |

## I. INTRODUCTION

Plaintiff Duffy Archive Limited ("Duffy") moves for default judgment against Defendant Club Los Globos Corporation ("CLG"). (Mot. Default J. ("Motion" or "Mot."), ECF No. 15.) For the reasons discussed below, the Court **GRANTS** Duffy's Motion.[1]

## II. BACKGROUND

Duffy initiated this action against CLG for copyright infringement. Duffy owns an original photograph of David Bowie ("Photograph") and alleges that CLG used the

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Photograph in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (Compl. ¶¶ 1, 8, 9, ECF No. 1.) Specifically, Duffy alleges that CLG used, distributed, and exploited the Photograph for commercial purposes on its websites and social media pages such as https://www.instagram.com/losglobos/?hl-en, without Duffy's authorization. (*Id.* ¶¶ 9, 13.) According to Duffy's Complaint, Duffy registered the Photograph with the United States Copyright Office on June 12, 2009, Registration Number of VA 1-428-937. (*Id.* ¶ 8.) Duffy is the sole owner of the exclusive rights in the Photograph. (*Id.*)

On January 25, 2021, Duffy served a Summons and Complaint on CLG. (*See* Proof of Service, ECF No. 10.) CLG failed to respond to the Summons and Complaint, and, on February 18, 2021, Duffy requested entry of default. (*See* Req. Entry Default, ECF No. 12.) The Clerk of the Court entered default the next day. (*See* Default by Clerk, ECF No. 13.) Duffy now moves for entry of default judgment and seeks statutory damages, costs, and attorneys' fees. (Mot. 1.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). However, "a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). Rather, if the plaintiff has satisfied certain procedural requirements, a district court has discretion to enter default judgment, based on consideration of the "*Eitel* Factors." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, a defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

# IV. DISCUSSION

The Court first considers whether Duffy satisfies the procedural requirements, then whether the *Eitel* Factors weigh in favor of entering default judgment, and finally what damages, if any, are appropriate.

## A. Procedural Requirements

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Duffy satisfies these requirements. It has submitted a declaration supporting that: (1) the Clerk entered default against CLG on February 18, 2021; (2) default was entered based on the Complaint Duffy filed on November 25, 2020; (3) CLG is neither an infant nor an incompetent; (4) CLG is not covered under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, and (5) although not required under FRCP 55(b)(2) because CLG has not appeared in any capacity, Duffy mailed a copy of this Motion to CLG on March 22, 2021. (*See* Decl. of Stephen M. Doniger ("Doniger Decl.") ¶¶ 3, 4, 7, ECF No. 15.) Thus, the procedural requirements do not preclude entry of default judgment.

## B. *Eitel* Factors

Once the procedural requirements have been met, district courts consider the seven *Eitel* Factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. For the reasons discussed below, the Court finds that the *Eitel* Factors weigh in favor of granting default judgment.

### 1. *Possibility of Prejudice to Plaintiff*

The first *Eitel* Factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Id.* at 1471. Denial of default leads to prejudice when it leaves

a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing *PepsiCo*, 238 F. Supp. 2d at 1177). Here, absent entry of default judgment, Duffy would suffer prejudice because it would be left without a remedy due to CLG's failure to appear or participate in this action despite being properly notified. (*See* Proof of Service.) Accordingly, this factor weighs in favor of default judgment.

  *2. Substantive Merits & 3. Sufficiency of the Complaint*

  The second and third *Eitel* Factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). Here, Duffy has alleged facts sufficient to establish that CLG violated the Copyright Act. (*See generally* Compl.)

  To establish a claim for copyright infringement, Duffy must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019) (citing *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

  First, "[a] copyright registration is 'prima facie evidence of the validity of the copyright.'" *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (first citing 17 U.S.C. § 410(c); and then citing *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989)). Duffy alleges that it is the sole owner of the exclusive rights to the Photograph, which was registered with the United States Copyright Office on June 12, 2009, Registration Number VA 1-428-937. (Compl. ¶ 8.) Taking these allegations as true, Duffy sufficiently alleges that it is the exclusive owner of the rights of a valid copyright.

  Second, Duffy can establish copying of constituent elements by showing: (1) CLG had access to the Photograph, and (2) the Photograph and the image that appear on CLG's website are "substantially similar." *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018). Duffy alleges that CLG had access to the Photograph

through Duffy's website and social media accounts, or through third-party websites such as Tumblr and Pinterest. (Compl. ¶ 12.) Duffy also provides an image of its registered Photograph and a screen capture of CLG's Instagram page displaying an identical image. (*Id.* ¶ 10.) Thus, taking these allegations as true, Duffy sufficiently alleges that CLG copied the constituent elements of the Photograph.

In sum, Duffy sufficiently alleges both that it is the owner of the valid copyright in the Photograph and that CLG copied the Photograph. Therefore, Duffy has alleged a valid copyright claim on which it may recover. Accordingly, the second and third *Eitel* Factors favor default judgment.

### 4. *Amount at Stake*

The fourth *Eitel* Factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Here, Duffy seeks $30,000 in statutory damages, the maximum amount permitted for non-willful infringement. (*See* Mot. 8 (citing 17 U.S.C. § 504(c)(1)).) As this amount falls within the range permitted for the alleged harm under § 504(c)(1), the amount at stake appears proportionate to the harm alleged. Accordingly, this factor favors of entry of default judgment.

### 5. *Possibility of Dispute*

The fifth *Eitel* Factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. Because the allegations in Duffy's Complaint are presumed true, CLG's failure to appear in this action results in a finding that "no factual disputes exist that would preclude the entry of default judgment." *Vogel v. Rite Aid*

*Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Accordingly, this factor favors entry of default judgment.

### 6. *Possibility of Excusable Neglect*

The sixth *Eitel* Factor considers the possibility that a defendant's default is the result of excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177. No facts before the Court indicate that CLG's default is due to excusable neglect. On January 25, 2021, Duffy served the Summons and Complaint on CLG. (*See* Proof of Service.) Furthermore, on March 23, 2021, Duffy served CLG notice of this Motion. (*See* Doniger Decl ¶ 7; Certificate of Service, ECF No. 16.) CLG thus was on notice of this action and failed to respond to either document. Accordingly, this factor favors entry of default judgment.

### 7. *Policy Favoring Decisions on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. As CLG failed to appear or otherwise respond, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

In sum, the *Eitel* Factors weigh in favor of entering default judgment against CLG. Therefore, the Court **GRANTS** Duffy's Motion for Default Judgment.

## C. Damages

After finding entry of default judgment appropriate, courts must next determine the terms of the judgment. The Copyright Act provides that a copyright owner may elect to recover statutory damages in lieu of actual damages any time before a final judgment is entered. 17 U.S.C. § 504(c)(1). The Act allows for damages of not less than $750 nor more than $30,000 with respect to any one work. *Id.* Moreover, where the court finds that the infringement was committed willfully, it has discretion to heighten the award to a sum no greater than $150,000. 17 U.S.C. § 504(c)(2); *Harris*

*v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (stating that courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima").

"[S]tatutory damages are appropriate [on] default judgment . . . because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008); *Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277-R, 2018 WL 4745305, at *2 (C.D. Cal. May 1, 2018). In determining statutory damages, courts often use estimates of actual damages or licensing fees. *See Michaels v. Nohr*, No. CV 15-06353-AB (JEMx), 2015 WL 12532177, at *9 (C.D. Cal. Dec. 17, 2015) (actual damages); *Nat'l Photo Grp., LLC v. Pier Corp.*, No. SACV 13-1165-DOC (JPRx), 2014 WL 12576641, at *4 (C.D. Cal. Mar. 10, 2014) (licensing fees). Courts are guided by "what is just in the particular case," specifically considering "the nature of the copyright [and] the circumstances of the infringement." *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332,1336 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 232 (1952)).

Duffy seeks $30,000 in statutory damages for CLG's act of infringement. (Mot. 8.) It argues that $30,000 is reasonable because it is significantly less than the heightened statutory maximum of $150,000 for a single act of willful infringement. (Mot. 9.) Duffy asserts that any award less than $30,000 would "effectively reward" CLG for refusing to participate in this litigation and would likewise encourage other defendants to do the same. (*Id.*)

However, Duffy presents no evidence to which the Court might anchor such an award, for instance the amount of actual damages or the licensing fee for the Photograph. (*See generally id.*) Duffy argues CLG used the Photograph for the commercial purpose of promoting its nightclub, but because CLG defaulted, Duffy cannot ascertain CLG's profits. (*Id.* at 7, 9–10.) In the absence of this (or any) number, Duffy merely speculates that it would have won $30,000 at trial and asks the Court to

make the unsupported leap to that statutory maximum. (*See id.* at 10.) The Court is unpersuaded. Duffy does not allege that CLG used the Photograph multiple times or offer facts indicating a duration for CLG's use of the Photograph—the Court is left in the dark. Given that Duffy has failed to provide the Court with estimates of the actual damages or the licensing fee, an award of $30,000 is not warranted.

This conclusion finds support in similar copyright claims in this district where courts granted default judgment and awarded much lower statutory damages. For instance, in *Durant v. REP Publishing, Inc.*, the court awarded $750 each for two photographs posted on the defendant's website where one photograph was used in support of an article and the other was used for "unclear" purposes. No. CV 17-08077-AB (SSx), 2018 WL 6137156, at *4 (C.D. Cal. Aug. 13, 2018); *see also Barcroft Media, Ltd.*, 2018 WL 4745305, at *3 (awarding statutory minimum of $750 each for two infringing photographs that were posted on defendants' website).

Accordingly, considering the nature of the copyright and the circumstances of the infringement, the Court finds that an award of $750 sufficiently compensates Duffy while effectively deterring those who might engage in similar unlawful conduct.

**D.    Attorneys' Fees and Costs**

Duffy requests litigation costs of $555.74 and attorneys' fees of $2,400.00. (Doniger Decl. ¶¶ 5–6.) A party who has violated the Copyright Act may be liable for attorneys' fees and costs under 17 U.S.C. § 505. On default judgment, the Court determines attorneys' fees pursuant to the Schedule of Attorneys' Fees provided in Local Rule 55-3. The Schedule provides that an amount of Judgment between $0.01 and $1000 warrants an award of attorneys' fees of thirty percent with a minimum of $250. C.D. Cal. L.R. 55-3. As thirty percent of $750 is less than $250, the Court awards the minimum of $250 in attorneys' fees. Additionally, the Court accepts Duffy's representation regarding litigation costs and awards costs in the amount of $555.74. (*See* Doniger Decl. ¶ 6.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment and **awards $750.00 in statutory damages, $250.00 in attorneys' fees, and $555.74 in costs**. (ECF No. 15.)

**IT IS SO ORDERED.**

June 22, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**